UNITED STATES of America, Plaintiff–Appellee,

v.

Tony SOUNDARA, Defendant–Appellant.

No. 06–10739.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007 *.

Filed Nov. 9, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel D. Hollingsworth, Amber M. Craig, Esq., Office of the U.S. Attorney, for Plaintiff–Appellee.

Rene L. Valladares, Esq., Federal Public Defender's Office, Las Vegas, NV, Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Tony Soundara appeals the denial of his motion to suppress a firearm found on his person when three police officers approached him in a motel parking lot. He

contends that the officers stopped him without reasonable suspicion and that, even if the stop was initially lawful, it escalated into a de facto arrest without probable cause before the officers noticed that he was carrying a gun. We reject both arguments.

■ The totality of the circumstances leading to the stop of Soundara gave the officers "a particularized and objective basis for suspecting [him] of criminal activity." *United States v. Morales*, 252 F.3d 1070, 1073 (9th Cir.2001) (quoting *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir.2000)). Soundara was not merely conversing with the driver of a parked car. He had extended much of his upper body inside the passenger window of an idling car—behavior consistent with the drug and prostitution-related transactions for which the location was known. This gave the officers a particularized suspicion of specific crimes. Such suspicion justifies an investigatory stop even though Soundara's conduct did not rule out the possibility of innocent conduct. *See United States v. Arvizu*, 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

■ Nor did the officers' conduct convert their investigatory stop into a de facto arrest without probable cause. The officers had probable cause to arrest Soundara, a known felon, as soon as they noticed he was carrying a gun. Prior to that point, the officers merely approached Soundara, announced that they were police officers, and demanded that he show them his hands. They did not draw their weapons or otherwise restrain Soundara. This conduct falls far short of the measures that would have constituted a de facto arrest. *See Washington v. Lambert*, 98 F.3d 1181,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1185 (9th Cir.1996); *United States v. Buffington*, 815 F.2d 1292, 1300–01 (9th Cir. 1987).

AFFIRMED.